SAMUEL G. ADAMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDMUND F. LELAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARRY P. BRADFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 29433, 29434, 31400, 31402. Promulgated April 29, 1930.

*Ralph E. Tibbetts, Esq.,* for the petitioners.
*Philip M. Clark, Esq.,* for the respondent.

OPINION.

SEAWELL: The only question presented is whether the Commissioner's action was correct in reducing the amount of the net loss, which each petitioner may be allowed to carry forward and use as a deduction in computing net income for the succeeding taxable year, by the amount of nontaxable interest which accrued to the wife of such petitioner in the year in which the losses were sustained, joint returns having been filed in the year the losses were sustained and separate returns in the succeeding year.

Section 204 (a) of the Revenue Act of 1921, in defining the term " net loss," provides, in part, that it (net loss) means:

\* \* \* The excess of the deductions allowed by section 214 or 234, as the case may be, over the sum of the following: (1) The gross income of the taxpayer for the taxable year, (2) the amount by which the interest received free from taxation under this title exceeds so much of the interest paid or accrued within the taxable year on indebtedness as is not permitted to be deducted by paragraph (2) of subdivision (a) of section 214 or by paragraph (2) of subdivision (a) of section 234, \* \* \*

And in section 204 (b) of the same act it is provided that:

If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; \* \* \*

Further, under section 223 (b) of the same act, a husband and wife living together may each make a separate return or, " the income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income."

The petitioner's contention is that in such a joint return two taxpayers are involved and that in determining the " net loss " which may be carried forward and allowed as a deduction in computing net income for the subsequent year, where separate returns are filed, the " net loss " of each must be determined separately and without regard to the fact that the income and deductions of both were originally included in a joint return. We do not so understand the statute. When a husband and wife elect to file a joint return in the name of the husband, they thereby adopt a method under which the only return submitted is this joint return, which is sworn to by the husband and the tax shown due thereon is assessed against him. In determining whether tax is due, all items of taxable income and allowable deductions of both parties are taken into consideration in the same manner as if a determination were being made with respect to one taxpayer. In other words, the two are treated as a unit for the purpose of determining taxable net income and we think a different course should not be pursued when we come to arrive at a

" net loss " as applicable to the year for which the joint return was filed. To determine the " net loss " of an individual for 1921, it is necessary to take into consideration not only the items of gross income specified in the statute, but also nontaxable income received by such individual. And the same method would obviously apply where a " net loss " is being determined on the basis of a joint return for one year which would be allowable as a deduction in computing net income on a joint return for the subsequent year. What the petitioner seems to say is that because joint returns were filed in 1921 and 1923 when losses were sustained, whereas separate returns were filed in 1922 and 1924 when income was realized, the " net losses " for 1921 and 1923 should be determined as if separate returns had been filed. Certainly, when it is considered that an election to file joint or separate returns gives to a husband and wife the privilege of adopting the method for a given year which is most advantageous to them, they should not be allowed to use such joint return for the purpose of fixing taxable net income, which may be advantageous to them, and then be allowed to disregard the joint return when it would be less advantageous to determine the " net loss " on the basis of such joint return. We find no statutory provision that would require such a result. On the contrary, we are of the opinion that when these petitioners elected to file joint returns they thereby elected to have all determinations of income and losses (for tax purposes) determined on the basis of these joint returns.

What would be the solution where the wife had sustained the loss, or where both the husband and wife had losses, and the joint returns in both instances had been filed in the name of the husband, are not questions now before us. Suffice it to say that in the situation now presented the individuals now seeking the benefit of the " net loss " provisions are the only individuals involved in the joint returns who sustained losses, and the joint returns were filed by them. Under such circumstances we are of the opinion that in determining the " net loss " which each is permitted to carry forward and use as a deduction in computing net income for the subsequent year on a separate return, such determination must be made on the basis of the joint return which would require the business loss of the husbands to be reduced by the nontaxable income of the respective wives.

Reviewed by the Board.

*Judgment will be entered for the respondent.*