KAIWIKI SUGAR CO., LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30450.   Promulgated December 30, 1930.

*L. Carlton Mosteller, Esq.,* for the petitioner.
*L. W. Creason, Esq.,* for the respondent.

## OPINION.

Matthews: In this case a consolidated return was filed for the taxable year 1921, the year in which petitioner's net loss of $220,-564.20 occurred, and separate returns were filed by petitioner for the years 1922 and 1923, in which years petitioner derived net income. The Commissioner determined a consolidated statutory net loss for the taxable year 1921 in the amount of $13,567.64, apportioned $6,641.60 thereof to petitioner and deducted such amount from petitioner's net income for the taxable year 1922 in determining the taxable net income for that year.

In an amended answer duly filed the respondent sought to have the petitioner's taxable net income for 1922 redetermined to be $45,151.38, by disallowing entirely the deduction of $6,641.60 referred to in the next preceding paragraph, but abandoned this issue in his brief.

The petitioner points out that under section 204(b) of the Revenue Act of 1921 any taxpayer sustaining a net loss may deduct the amount thereof from the net income for the succeeding taxable year and may deduct the excess, if any, in computing the net income for the next succeeding taxable year, and contends that since it is a taxpayer it is clearly entitled to carry forward the full amount of the net loss sustained by it in 1921, notwithstanding the fact that for the taxable year 1921 petitioner was a member of an affiliated group of taxpayers which filed a consolidated return of income. Petitioner relies upon the fact that it is now settled law that a consolidated group of corporations, as such, is not a taxpayer but a mere tax-computing unit, the individual members of the group losing their separate identity only for the purpose of the computation of the tax.

A tax-computing unit, composed of corporations which are affiliated within the meaning of section 240 of the Revenue Act of 1921, is a group of taxpayers whose combined tax liability is computed by treating the items of gross income and the deductions of the several members of the group as if they were the items of gross income and the deductions of one person. This necessarily eliminates intercompany transactions. If the gross income is in excess of the deductions, the resulting net income is the consolidated net income of the group and the tax is computed on this net income. Any tax liability thus computed is then assessed upon the respective members, the taxpayers, in such proportions as may be agreed upon among themselves or, in the absence of such agreement, in proportion to the net income properly assignable to each. If the deductions are in excess of the gross income, the resulting loss is the consolidated loss of the group and if, after taking into consideration the items specified in section 204(a) of all the members, there is still a loss, such resulting loss is the consolidated statutory net loss of the group—the tax-computing unit. This loss may be carried forward by the several taxpayers forming the group which, considered separately, sustained net losses.

The net loss of a member, considered separately, is the excess of the deductions allowed such member over the sum of its gross income and the other items specified in section 204 (a), brought into the consolidated return. Subject to the elimination of any items resulting from intercompany transactions, the net loss of a member, considered separately, thus computed is its loss computed under section 204 (a) which it would have shown if it had filed a separate return.

We believe that the method prescribed in section 240 with respect to the apportionment of the tax on the basis of the net income assignable to each member is the proper method to be followed in apportioning the consolidated statutory net loss of the group to the members which, considered separately, sustained net losses. Under this method the statutory net loss assignable to each member which considered separately, sustained a net loss, is the same proportion of the consolidated statutory net loss which the net loss of the member is to the sum of the net losses of all the members sustaining net losses.

The Commissioner followed the methods described above in determining the amount of the consolidated statutory net loss and in determining the proportion of such net loss attributable to the petitioner. From the operating loss of the group he deducted the amount of dividends received by the members of the group. It is assumed that the only item specified in section 204(a) other than gross income, which it was necessary to take into consideration in determining whether the group sustained a statutory net loss, was the dividends. He then apportioned the net loss of $13,567.67 thus determined among the members which, considered separately, sustained net losses, in proportion to the amount of the net loss sustained by each.

Although we agree with the method employed by the Commissioner in his determination of the petitioner's tax liability for the years before us, we believe that an error has been made in computing the portion of the consolidated statutory net loss assignable to petitioner. By referring to the tabulation set out in our findings it will be seen that the sum of the net losses of the members of the affiliated group, considered separately, amounts to $410,944.85, and that of this amount the petitioner sustained a net loss in the sum of $220,564.20. That part of the consolidated statutory net loss of $13,567.67 which should be apportioned to the petitioner as a member sustaining a net loss is $\frac{220,564.20}{410,944.85}$ of $13,567.67, or $7,282.10. This amount is petitioner's statutory net loss for 1921, which should be deducted from the petitioner's separate net income for 1922. Inasmuch as this sum is not in excess of petitioner's separate net income for 1922, which has been found to be $45,151.38, there is no balance to be applied as a deduction, in computing the petitioner's net income for 1923, in accordance with the provisions of section 204(b) of the Revenue Act of 1921.

The conclusion reached herein is in accordance with the decision of the Court of Claims in *Swift & Co.* v. *United States*, 69 Ct. Cls. 171; 38 Fed. (2d) 365, wherein it was held that, for the purpose of computation, section 240 of the Revenue Act of 1918 is a limitation of section 204 and that, in the computation under section 240, losses

of one company must be offset against the income of the other companies before it can be determined whether there is a net loss of any company which may be applied against its income for the preceding taxable year. The court said:

\* \* \* Obviously, it this were not done, the net loss which had been used to offset the income of the other companies in the consolidated group would be allowed again to reduce the income of the company which sustained the loss when applying it to the income of the prior year, and we think Congress did not intend a double deduction of this character.

The facts of that case are similar to the facts in the instant case, but it should be noted that the *Swift & Co.* case arose under the Revenue Act of 1918. In a case which arises under the Revenue Act of 1921, as does the instant case, any net loss sustained by the taxpayer may be deducted from the net income for the *succeeding* taxable year, as provided in section 204(b) of the Revenue Act of 1921.

Applying this ruling to the facts of the instant case, and bearing in mind that the petitioner was a member of an affiliated group of corporations for 1921 and that its individual net loss for that year has already been applied as an offset against the income of the only member of the group having any net income, it is obvious that it would be improper to allow the petitioner to apply the entire amount of its net loss for 1921 against its separate net income for 1922 and 1923. To allow the petitioner to take the deduction which it is claiming would be to permit a double deduction. Such a result is contrary to the letter and the spirit of the statute.

The deficiency of $1,724.50 determined by the respondent for the year 1923 is hereby approved. The deficiency of $4,813.72 for the year 1922 should be redetermined in accordance with this opinion.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*