WILLIAM H. SHELMERDINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32767.   Promulgated November 18, 1931.

*J. Marvin Haynes, Esq., W. C. Magathan Esq.,* and *Horace E. Whitman, C. P. A.,* for the petitioner.

*A. H. Fast, Esq.,* and *H. D. Thomas, Esq.,* for the respondent.

## OPINION.

BLACK: Upon the facts which have been detailed in our findings of fact, the petitioner lays down the following propositions:

I. The net loss should be computed solely on the income and deductions of the petitioner.

(a) The fact that in the year of the loss, i. e., 1923, the wife of the petitioner filed her return as a joint return with her husband does not change the method of computation prescribed in Section 204 so as to include her income and deductions in the computation.

(b) The method contended for by the petitioner does not result in a double deduction and is the result called for by the law and the intention of Congress.

II. The proper statutory net loss of the petitioner for 1923 is $93,246.24, computed in accordance with the provisions of Section 204 (a) of the Revenue Act of 1921.

III. Under the provisions of Sections 206 (f) and (b) of the Revenue Act of 1924 the above net loss of $93,246.24 should be carried forward to 1924.

IV. Under the provisions of Sections 204 (e) and (b) of the Revenue Act of 1926, the amount of the petitioner's statutory net loss to be carried forward to the year 1925 is $69,940.34.

From these propositions, petitioner in his pleadings and brief raises certain questions, which we will state and rule upon in their numerical order.

1. How shall a net loss be computed where it is sustained solely in the business of the husband when the husband and his wife file a joint return?

(a) Shall it be determined solely from the income and deductions of the taxpayer sustaining the loss, i. e., the husband? or,

(b) Shall it be determined from the income and deductions of both the husband and wife in spite of the fact that the wife had no connection with the business?

The Board has already passed on this question in *Samuel G. Adams*, 19 B. T. A. 781, and our decision in that case has the effect of answering in the negative petitioner's question 1 (a) and in the affirmative petitioner's question 1 (b). We there said:

* * * Certainly, when it is considered that an election to file joint or separate returns gives to a husband and wife the privilege of adopting the method for a given year which is most advantageous to them, they should not be allowed to use such joint return for the purpose of fixing taxable net income, which may be advantageous to them, and then be allowed to disregard the joint return when it would be less advantageous to determine the "net loss" on the basis of such joint return. We find no statutory provision that would require such a result. On the contrary, we are of the opinion that when these petitioners elected to file joint returns they thereby elected to have all determinations of income and losses (for tax purposes) determined on the basis of these joint returns.

What would be the solution where the wife had sustained the loss, or where both the husband and wife had losses, and the joint returns in both instances had been filed in the name of the husband, are not questions now before us. Suffice it to say that in the situation now presented the individuals now seeking

the benefit of the " net loss " provisions are the only individuals involved in the joint returns who sustained losses, and the joint returns were filed by them. Under such circumstances we are of the opinion that in determining the " net loss " which each is permitted to carry forward and use as a deduction in computing net income for the subsequent year on a separate return, such determination must be made on the basis of a joint return which would require the business loss of the husbands to be reduced by the nontaxable income of the respective wives.

The second question raised by petitioner is stated as follows:

2. How shall such net loss be used when carried forward to the second year, in which year the husband and wife again filed a joint return?

(a) Shall the net loss be used in computing the net income of the husband (i. e., the petitioner here) and the wife's income rendered nontaxable by being offset against the resulting loss? or,

(b) Shall the net loss be offset against the combined income of the husband and wife?

We think the answer to this question has also been given by us in *Samuel G. Adams, supra.* As we pointed out in that case, when the husband and wife file a single joint return for a given taxable year, all their items of income and deductions are combined on the one single joint return and the resulting net income, if there is any, is taxable as one income. In the instant case, it has been stipulated that for the year 1924 the petitioner and his wife, Susannah R. Shelmerdine, filed a single joint return and that the correct net income of petitioner and his wife for the year 1924, on the basis of a joint return (excluding any deduction for net loss for 1923) was $70,703.09. However, the statute gives petitioner the right to bring forward any net loss incurred in the prior year in his trade or business and use it as a deduction in determining petitioner's net income for 1924. When effect is given to this statutory provision, it will be found that all of the $70,703.09 income of petitioner and his wife for 1924 is offset by the deduction and petitioner still has some of the net loss for 1923 which he may carry forward into 1925 and use as a deduction in determining his net income for 1925.

Petitioner's third question is as follows:

3. How shall the amount of loss applicable to the third year (the taxable year here in question) be determined?

(a) Shall the petitioner use the amount of his 1923 net loss less his income for 1924 and apply the balance in computing his 1925 net income? or,

(b) Shall the petitioner use his 1923 net loss, less his income and that of his wife for 1924, and apply the balance in computing his 1925 net income? or,

(c) Does he lose the balance of his 1923 net loss in computing his 1925 net income because he filed a single return rather than a joint return for that year?

We have already answered question 3 (a) in the negative in *Samuel G. Adams, supra.* The effect of that decision was to say that the income of husband and wife filing a joint return is treated

as one consolidated income, and in arriving at that income petitioner's net loss for 1923 is used as a deduction against both incomes, instead of deducting such net loss from petitioner's gross income alone and carrying forward the remainder to use as a deduction in determining petitioner's net income for 1925.

To the same effect is *Kaiwiki Sugar Co., Ltd.*, 21 B. T. A. 997. Of course, the situation of affiliated corporations combining their incomes and deductions in one consolidated return is not identical with the situation of a husband and wife combining their incomes and deductions in a single joint return, yet we think the situations are so similar as to make cases like *Kaiwiki Sugar Co.* in point.

To question 3 (b) we answer, yes. That is the method which we consider we have already approved in *Samuel G. Adams, supra*, and *Kaiwiki Sugar Co.* The statutory net loss of petitioner in 1923 should be used as a deduction in computing the consolidated net income of petitioner and his wife in 1924, and the balance of such statutory net loss not used in offsetting income in 1924 should be carried forward to 1925.

To question 3 (c) we answer, no. We must necessarily answer no to this question because we have answered yes to question 3 (b). The answer to question 3 (c) is made necessary by the fact that respondent at the hearing amended his answer so as to allege that, although in his deficiency notice he allowed petitioner a statutory net loss of $25,756.07 brought over from 1923, this was error, because such statutory net loss relates to a year when a single joint return was filed by husband and wife, and that petitioner filed a separate return in 1925, and that none of the statutory net loss can be brought over from a year when a single joint return was filed and used as a deduction in a year when petitioner files a separate return. Respondent moved that the deficiency be increased accordingly.

In *Farmers & Merchants Bank*, 21 B. T. A. 1383, the Commissioner made the contention that the petitioner was not entitled to deduct its own statutory net loss in 1924, in determining its net income for 1925, because in 1924 it had filed a consolidated return with an affiliated association, whereas in 1925, it had filed a separate return.

We denied the Commissioner's contention and held that petitioner was entitled to bring forward its own statutory loss incurred in 1924 (none of it having been used to offset the income of its affiliated association because such association had no income) and use it as a deduction in determining petitioner's net income for 1925.

Following the principles laid down in *Samuel G. Adams, supra; Kaiwiki Sugar Co., supra*, and *Farmers & Merchants Bank, supra,*

we hold that petitioner is entitled to bring forward into 1925, and use as a deduction in determining his net income for that year, that part of the statutory net loss of 1923 computed under the rule which we laid down in *Samuel G. Adams, supra,* which remains after using such statutory net loss as a deduction in determining the net income of petitioner and his wife under the single joint return filed in 1924.

*Decision will be entered under Rule 50.*